THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY P. LEWIS, Defendant-Appellant.

Second District    No. 2—96—0703

Opinion filed April 17, 1998.

G. Joseph Weller, Kim M. DeWitt, and Barbara R. Paschen, all of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Gregory P. Lewis, was charged by indictment with two counts of theft (720 ILCS 5/16—1(a)(1), 16—1(a)(2) (West 1996)) for filing a fraudulent unemployment benefits claim with the United States Railroad Retirement Board. Defendant moved to dismiss the charges, arguing that section 359(a) of the Railroad Unemployment Insurance Act (45 U.S.C.A. § 359(a) (West 1986)), which imposes a

penalty for fraudulently obtaining benefits, preempts state criminal prosecutions for the same conduct. The trial court denied defendant's motion. After a jury trial, defendant was convicted of both counts and was sentenced to 24 months' probation. On appeal, defendant argues only that the trial court erred in denying his motion to dismiss. We affirm.

When faced with a preemption question, we begin by reminding ourselves of the basic structure of our federal system, in which the states and the federal government are separate political communities. *United States v. Wheeler*, 435 U.S. 313, 320, 55 L. Ed. 2d 303, 310, 98 S. Ct. 1079, 1084 (1978). State and federal governments derive their power from different sources, each from the organic law that established it. *Wheeler*, 435 U.S. at 320, 55 L. Ed. 2d at 310, 98 S. Ct. at 1084. Each has the power, inherent in any sovereign, to determine independently what shall be an offense against its authority and to punish such offenses, and in doing so each is exercising its own sovereignty, not that of the other. *Wheeler*, 435 U.S. at 320, 55 L. Ed. 2d at 310, 98 S. Ct. at 1084.

■ Of course, the supremacy clause of the United States Constitution gives Congress the power to limit the states' exercise of their sovereignty. The supremacy clause provides that "the Laws of the United States *** shall be the supreme Law of the Land *** any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., art. VI. The extent to which federal legislation preempts state law is a question of congressional intent. *Gade v. National Solid Wastes Management Ass'n*, 505 U.S. 88, 96, 120 L. Ed. 2d 73, 83, 112 S. Ct. 2374, 2381 (1992). If Congress, when acting within constitutional limits, explicitly mandates the preemption of state law within a stated situation, we need not proceed beyond the statutory language to determine that state law is preempted. *Gade*, 505 U.S. at 98, 120 L. Ed. 2d at 84, 112 S. Ct. at 2383. In the absence of an explicit preemption, we may infer an intent to preempt state law, and that inference may take one of two forms: (1) field preemption, "where the scheme of federal regulation is ' "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it" ' [citation]" (*Gade*, 505 U.S. at 98, 120 L. Ed. 2d at 84, 112 S. Ct. at 2383); or (2) conflict preemption, where either compliance with both federal and state law is a physical impossibility or state law stands as an impediment to the accomplishment and execution of the full purposes and objectives of Congress. *Gade*, 505 U.S. at 98, 120 L. Ed. 2d at 84, 112 S. Ct. at 2383.

■ Where the field that Congress is said to have preempted traditionally has been occupied by the states, we start with the as-

sumption that the historic police powers of the states were not to be superseded by the federal act unless that was Congress's clear and manifest purpose. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 51 L. Ed. 2d 604, 614, 97 S. Ct. 1305, 1309 (1977); *People v. Chicago Magnet Wire Corp.*, 126 Ill. 2d 356, 366-67 (1989). Certainly, the power to prosecute criminal conduct traditionally has been regarded as properly within the scope of state superintendence. *Chicago Magnet*, 126 Ill. 2d at 367. Thus, absent a clear and manifest intent by Congress, we will not find that a federal act preempts a state's power to enforce a generally applicable criminal statute. See *Chicago Magnet*, 126 Ill. 2d at 367.

■ With these principles in mind, we turn to the issue at hand, namely, whether defendant's theft prosecution was preempted by the penalty provision contained in section 359(a) of the Railroad Unemployment Insurance Act. Because the prohibition of theft is a generally applicable criminal law, we will not find preemption unless that was Congress's clear and manifest purpose. See *Jones*, 430 U.S. at 525, 51 L. Ed. 2d at 614, 97 S. Ct. at 1309; *Chicago Magnet*, 126 Ill. 2d at 367.

Found in section 359(a), the Railroad Unemployment Insurance Act's penalty provision states, in relevant part:

> "[A]ny employee *** who shall knowingly make or aid in making or cause to be made any false or fraudulent statement or claim for the purpose of causing benefits or other payment to be made or not to be made under this chapter, shall be punished by a fine of not more than $10,000 or by imprisonment not exceeding one year, or both." 45 U.S.C.A. § 359(a) (West 1986).

Defendant argues that, by enacting section 359(a), Congress created the exclusive remedy for benefits fraud and thereby expressed a manifest intent to preempt the enforcement of generally applicable state laws against the same conduct. We disagree.

First, although the Railroad Unemployment Insurance Act contains an explicit preemption clause (see 45 U.S.C.A. § 363(b) (West 1986)), we are convinced that defendant's theft prosecution does not fall within it. In relevant part, section 363(b) states:

> "By enactment of this chapter the Congress makes exclusive provision *for the payment of unemployment benefits *** and for the payment of sickness benefits *** based upon employment (as defined in this chapter). No employee shall have or assert any right to unemployment benefits under an unemployment compensation law of any State *** or to sickness benefits under a sickness law of any State *** based upon employment (as defined in this chapter). The Congress finds and declares that by virtue of

the enactment of this chapter, *the application of State unemploy-ment compensation laws \*\*\* or of State sickness laws \*\*\** would constitute an undue burden upon, and an undue interference with the effective regulation of, interstate commerce." (Emphasis added.) 45 U.S.C.A. § 363(b) (West 1986).

By its own terms, section 363(b) precludes the states only from providing unemployment insurance benefits to employees covered by the Railroad Unemployment Insurance Act. Here, the State has attempted no such thing. Rather, the State indicted defendant under its generally applicable theft statute for conduct that, while prohibited by and punishable under section 359(a), also is a crime in the State of Illinois. Nothing in section 363(b) explicitly precludes the State from pursuing that prosecution. Thus, we conclude that defendant's theft prosecution does not fall within section 363(b)'s express preemption.

Having concluded that defendant's theft prosecution is not explicitly preempted by section 363(b), our next task is to determine whether it is implicitly preempted by the Railroad Unemployment Insurance Act as a whole. We conclude that it is not.

First, we are not persuaded that the Railroad Unemployment Insurance Act regulates benefits fraud so pervasively "as to make reasonable the inference that Congress left no room for the States to supplement it" (*Gade*, 505 U.S. at 98, 120 L. Ed. 2d at 84, 112 S. Ct. at 2383). It is well established that, in general, an act denounced by both federal and state law is an offense against the peace and dignity of both and may be punished by both. See *Wheeler*, 435 U.S. at 316-19, 55 L. Ed. 2d at 308-10, 98 S. Ct. at 1082-83 (1978). In numerous cases, courts have recognized that states may prosecute criminal conduct even though that same conduct also is punishable under federal law. For example, even though the applicable federal statute prohibits and makes punishable the very same conduct, states are not preempted from prosecuting the following: the maintenance of a hazardous workplace (*Chicago Magnet*, 126 Ill. 2d at 366-76); the filing of a fraudulent application for a student loan (*People v. Brom*, 185 Ill. App. 3d 411, 413-14 (1989)); the filing of a fraudulent claim for federal Social Security benefits (*Commonwealth v. Morris*, 394 Pa. Super. 185, 190-92, 575 A.2d 582, 584-86 (1990)); the forging of federal income tax documents (*State v. Radzvilowicz*, 47 Conn. App. 1, 32-42, 703 A.2d 767, 784-89 (1997)); the counterfeiting of United States' currency (*State v. McMurry*, 184 Ariz. 447, 449, 909 P.2d 1084, 1086-87 (App. 1995)); the unauthorized reception of cable television (*Carter v. Commonwealth*, 25 Va. App. 721, 725-26, 492 S.E.2d 480, 481-82 (1997)); or the submission of false medicaid claims (*State v. Quinn*, 43 Wash. App. 696, 702-04, 719 P.2d 936, 939-40 (1986)).

As these cases make clear, the mere fact that the same conduct constitutes a crime under both state and federal law is insufficient reason to presume that Congress intended to preclude the states from enforcing their generally applicable criminal laws against that conduct. Here, although section 359(a) makes punishable the filing of a fraudulent benefits claim, nothing in the Railroad Unemployment Insurance Act in any way suggests that Congress intended that punishment to be the only punishment. We therefore conclude that the Railroad Unemployment Insurance Act does not so pervasively regulate the field of benefits fraud as to preempt defendant's theft prosecution.

We likewise conclude that conflict preemption is not present in this case. Again, conflict preemption arises where either compliance with both federal and state law is a physical impossibility or state law stands as an impediment to the accomplishment and execution of the full purposes and objectives of Congress. *Gade*, 505 U.S. at 98, 120 L. Ed. 2d at 84, 112 S. Ct. at 2383. Thus, in this case, for conflict preemption to be present, either (1) compliance with both section 359(a) and the Illinois theft statute must be a physical impossibility, or (2) the State's prosecution of defendant for theft must stand as an impediment to the accomplishment and execution of Congress's full purposes and objectives in enacting the Railroad Unemployment Insurance Act. Neither of these conditions is present here.

First, section 359(a) prohibits and punishes the filing of fraudulent benefits claims. The Illinois theft statute (720 ILCS 5/16—1(a)(1), (a)(2) (West 1996)) prohibits and punishes the obtaining of property with the intent to deprive its owner permanently of its use or benefit. Compliance with both of these statutes is not a physical impossibility. On the contrary, millions of people comply with both of these statutes every day, either by not filing a claim for benefits to which they are not entitled or by telling the truth when they do file a claim.

Second, we are confident that the State's prosecution of defendant for theft of federal unemployment benefits does not operate as an impediment to Congress's purposes and objectives in prohibiting benefits fraud. On the contrary, we strongly suspect it furthers those purposes and objectives. Every time a defendant is convicted of theft, the number of persons defrauding the federal government is decreased by one. Moreover, as a Class 3 felony, theft carries a stronger punishment (two to five years in prison and a $10,000 fine (730 ILCS 5/5—8—1(a)(6), 9—1.3 (West 1996))) than does a violation of section 359(a) (one year in prison and a $10,000 fine (45 U.S.C.A. § 359(a) (West 1986))). Arguably, the prospect of a theft prosecution is a greater deterrent to potential perpetrators of benefits fraud than

is the prospect of a federal prosecution for violating section 359(a). Finally, because the federal government and the State of Illinois are separate jurisdictions, defendant's theft prosecution in no way precludes the federal government from prosecuting defendant for violating section 359(a). See *Wheeler*, 435 U.S. at 316-19, 55 L. Ed. 2d at 308-10, 98 S. Ct. at 1082-83. Given that the State's enforcement of its theft statute in no way limits the range of remedies available to the federal government in its effort to combat unemployment benefits fraud, we simply cannot conclude that defendant's prosecution constitutes an impediment to that effort.

In sum, the Railroad Unemployment Insurance Act neither expressly nor implicitly preempts the enforcement of the State of Illinois' generally applicable theft statute. Accordingly, the trial court had jurisdiction over this cause and properly denied defendant's motion to dismiss.

Before concluding, we wish to address one final argument. Defendant contends that, even if the Railroad Unemployment Insurance Act does not preempt defendant's theft prosecution *per se*, the trial court nevertheless lacked subject matter jurisdiction over that prosecution because it required the trial court to interpret federal law. Contrary to defendant's assumption that the state courts are powerless to interpret federal law, the United States Supreme Court consistently has held that state courts have inherent authority, and thus are presumed competent, to adjudicate claims arising under the laws of the United States. See *Tafflin v. Levitt*, 493 U.S. 455, 458-59, 107 L. Ed. 2d 887, 894, 110 S. Ct. 792, 795 (1990). According to the Supreme Court, nothing in the concept of our federal system prevents the state courts from enforcing rights created under federal law, and exclusive federal jurisdiction over cases arising under federal law is the exception rather than the rule. *Tafflin*, 493 U.S. at 459, 107 L. Ed. 2d at 894, 110 S. Ct. at 795. The presumption in favor of concurrent jurisdiction may be rebutted only by an explicit congressional provision or a clear incompatibility between state court jurisdiction and federal interests. *Tafflin*, 493 U.S. at 459-60, 107 L. Ed. 2d at 894-95, 110 S. Ct. at 795.

As we have discussed at length above, nothing in the Railroad Unemployment Insurance Act manifests either an explicit or implicit congressional intent to divest state courts of the authority to adjudicate criminal prosecutions arising out of fraudulent benefits claims. Nor has defendant pointed us to a single authority standing for that proposition. Accordingly, even if defendant's prosecution imposed upon the trial court the task of construing the Railroad Unemployment Insurance Act, the trial court nevertheless retained subject matter jurisdiction over that prosecution.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

INGLIS and HUTCHINSON, JJ., concur.